**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ATLANTIC DIVING SUPPLY, INC.,**

**Plaintiff,**

**v.** **Case No. ______________**

**ADAMO CONSTRUCTION, INC.,**

SERVE: Joshua Godknecht, Reg. Agent
11980 Woodside Ave., Suite 1
Lakeside, CA 92040

**Defendant.**

## COMPLAINT

Atlantic Diving Supply, Inc. ("ADS"), by counsel, states as follows for its Complaint against Adamo Construction, Inc. ("Adamo"):

## NATURE OF ACTION

1. ADS contracted with Adamo for the manufacture, delivery, and installation of secure modular structures in Arizona, Hawaii, and Maryland pursuant to contracts ADS held with the Department of Defense. Adamo failed to complete its work and thereby breached contractual obligations owed to ADS.

2. ADS was required to find a new vendor to complete Adamo's work at an increased expense to ADS of $298,348.78.

## THE PARTIES

3. ADS is a Virginia corporation with its principal place of business in Virginia Beach, Virginia. ADS specializes in the procurement of equipment and support solutions for the military, law enforcement, first responders, and the defense industry.

4. On information and belief, Adamo is a California corporation with its principal place of business in Lakeside, California. Adamo claims it specializes in Sensitive Compartmented Information Facilities ("SCIFs"), modular construction, and other secure infrastructure for government agencies.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and ADS and Adamo are citizens of different states.

6. Venue is appropriate in this Court pursuant to the venue provision in the terms and conditions of the purchase orders entered into between ADS and Adamo (the "POs"). True and accurate copies of the POs and their terms and conditions are attached collectively as Exhibit A. Section 22 of the terms and conditions of the POs states that "[f]or purposes of all claims brought under this [PO], each of the parties hereby irrevocably submits to the exclusive jurisdiction of the federal and state courts located in Norfolk, Virginia."

**FACTUAL BACKGROUND**

7. ADS specializes in the procurement of equipment and support solutions for sale to the military, law enforcement, first responders, and the defense industry.

8. Adamo is a design-build contractor with a focus on SCIFs, modular construction, and other secure infrastructure for government agencies.

9. ADS obtained quotes from Adamo in support of ADS's bids on United States Department of Defense requests for quotes to manufacture, deliver, and install secure modular structures (the "Modular Structures") at three sites: Yuma, Arizona; Kaneohe Bay, Hawaii; and Patuxent, Maryland (collectively, the "ADS Projects"). Between September 2023 and July 2024,

ADS was awarded contracts by the Department of Defense, through the Defense Logistics Agency, for the ADS Projects.

10. In response to the awards from the Department of Defense, ADS entered into the POs with Adamo for Adamo to supply and deliver the Modular Structures for the ADS Projects. Adamo knew that the POs were necessary to fulfill ADS's obligations to the Department of Defense under its contracts for the ADS Projects.

11. To complete its work on the ADS Projects, Adamo subcontracted with Modular Management Group, Inc ("MMG") for the completion of the Modular Structures.

12. Between October 3, 2023 and July 16, 2024, ADS sent Adamo five purchase orders, the POs, for Adamo to supply and deliver the Modular Structures. *See* Ex. A.

13. ADS paid Adamo pursuant to the terms of the POs.

14. However, beginning on or about November 15, 2024, without warning or explanation, Adamo stopped working on the ADS Projects, left the jobsites, and breached the POs.

15. ADS remained obligated to fulfill its contracts with the Department of Defense and, due to Adamo's abandonment of its work in breach of the POs, ADS was forced to find a replacement contractor to complete the ADS Projects. In December 2024, ADS contracted with MMG and several others (collectively, the "Replacement Contractors") for the completion of Adamo's work on the ADS Projects.

16. Because ADS had to enter into contracts with the Replacement Contractors in the middle of performance and because Adamo's sudden abandonment of its work left the ADS Projects in disarray, ADS was required to pay the Replacement Contractors more than it had contracted to pay Adamo, resulting in $298,348.78 in additional costs on the ADS Projects. A

copy of the statement of account detailing the increased expense and ADS's damages is attached as Exhibit B.

17. Additionally, Section 14 of the terms and conditions of the POs states that "[Adamo] shall defend, indemnify, and hold harmless ADS . . . from and against all losses, costs, claims, causes of action, damages, liabilities, fees, and expenses, including, but not limited to, reasonable attorneys' fees, all expenses of litigation and/or settlement, and court costs, arising out of or related to . . . ii) [Adamo's] breach of this [PO]." ADS has incurred damages, attorneys' fees, and costs due to Adamo's breach of the POs.

**COUNT I - BREACH OF THE PURCHASE ORDERS**

18. ADS incorporates by reference the allegations made in Paragraphs 1-17 of the Complaint.

19. ADS contracted with Adamo for the purchase and construction of the Modular Structures on the ADS Projects.

20. The POs constituted validly enforceable agreements between the parties.

21. ADS paid Adamo for the Modular Structures and fulfilled its obligations to Adamo in accordance with the POs.

22. By failing to complete the work pursuant to the POs, Adamo breached the POs and the contractual obligations it owed to ADS.

23. As a direct and proximate result of Adamo's breach of the POs, ADS has been damaged in the amount of $298,348.78.

24. Additionally, pursuant to Section 14 of the terms and conditions of the POs, ADS is entitled to reasonable attorneys' fees, all expenses of litigation, and court costs arising out of or related to Adamo's breach of the POs.

WHEREFORE, Plaintiff, Atlantic Diving Supply, Inc., respectfully requests that this Court (1) grant judgment in its favor and against the defendant, Adamo Construction, Inc., in the principal amount of $298,348.78 with prejudgment interest dating from the date of Adamo's abandonment of its work; (2) grant Atlantic Diving Supply, Inc. its reasonable attorneys' fees, all expenses of litigation, and court costs pursuant to Section 14 of the terms and conditions of the POs; and (3) grant such other and further relief as this Court deems necessary and just.

**ATLANTIC DIVING SUPPLY, INC.**

By: *_/s/ Scott C. Miller_*

Scott C. Miller (VSB No. 77088)
smiller@williamsmullen.com
Preston W. Ball (VSB No. 99245)
pball@williamsmullen.com
WILLIAMS MULLEN, P.C.
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
Phone: (757) 629-0647
Fax: (757) 473-0395
*Counsel for Atlantic Diving Supply, Inc.*